**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**

**February 7, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **A.M., D.E.-A., D.A., C.A., and R.A. Jr.**

**No. 19-0714** (Kanawha County 18-JA-330, 18-JA-331, 18-JA-332, 18-JA-333, and 18-JA-334)

## MEMORANDUM DECISION

Petitioner Mother A.E., by counsel Peggy L. Collins, appeals the Circuit Court of Kanawha County's July 15, 2019, order terminating her parental rights to A.M., D.E.-A., D.A., C.A., and R.A. Jr.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Mindy M. Parsley, filed a response in support of the circuit court's order. The guardian ad litem, Rebecca Stollar Johnson, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

After the DHHR filed an abuse and neglect petition in June of 2018 against her due to substance abuse, among other issues, petitioner stipulated to having "a substance abuse problem that . . . negatively affected her parenting abilities and caused her to neglect her children." Accordingly, in its April 10, 2019, adjudicatory order, the circuit court found petitioner to be an abusing parent. Additionally, the circuit court granted petitioner a post-adjudicatory improvement period that required her to participate in parenting and adult life skills education; submit to random drug screens; participate in a substance abuse treatment program and follow all resulting recommendations; participate in a parental fitness evaluation and follow all recommendations; and participate in supervised visitation with the children. Following multiple review hearings, the last

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

of which was held in February of 2019, petitioner's improvement period was permitted to continue. In April of 2019, the circuit court found that petitioner's improvement period had expired and set the matter for disposition.

In a court summary filed prior to the dispositional hearing, the DHHR asserted that petitioner failed to attend parenting and adult life skills classes or supervised visits or otherwise respond to her service providers since May 15, 2019. The DHHR also alleged that some of petitioner's drug screens were positive for marijuana and methamphetamine, which precluded her from visiting the children since November of 2018.

In June of 2019, the circuit court held a dispositional hearing. The DHHR presented testimony from an employee that petitioner's compliance with services throughout the case was sporadic and that she would comply for a short period before ceasing her compliance. The DHHR employee further indicated that petitioner had not "answered the providers at all" since May 15, 2019. According to the witness, petitioner's compliance with drug screens was sporadic and she provided "a few [results] with marijuana and/or methamphetamines." The witness additionally testified that the DHHR provided petitioner services for approximately one year and that during that period she was never fully compliant and had not completed any of the services provided. As a result, the witness testified that the DHHR sought termination of petitioner's parental rights. Based on this evidence, the circuit court found that there was no reasonable likelihood petitioner could substantially correct the conditions of abuse and neglect, given that petitioner failed to follow through with the family case plan and associated services. The circuit court further found that termination of petitioner's parental rights was in the children's best interests. Accordingly, the circuit court terminated petitioner's parental rights to the children.[2] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

---

[2]According to the parties, A.M.'s father has agreed to permanent placement of the child with the paternal grandmother following either the father's voluntary relinquishment of parental rights or his consent to a legal guardianship with the paternal grandmother. The father of the remaining children is nonabusing and permanency has been achieved by placement in his care.

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

Petitioner's sole assignment of error on appeal is that the circuit court erred in terminating her parental rights because she substantially complied with her improvement period and obtained suitable housing and employment. This argument, however, not only misstates the record but also ignores the main issue for which she was adjudicated. While petitioner is correct that the record shows that she was, at times, compliant with the terms of her improvement period and that the circuit court permitted the improvement period to continue after multiple review hearings, she ignores the fact that testimony at the dispositional hearing indicated that her compliance was sporadic. Specifically, a DHHR employee testified that petitioner would be compliant for a short period before regressing into noncompliance. Even more importantly, in the month prior to the dispositional hearing, petitioner not only failed to comply with any of her services but failed to communicate with the DHHR at all. As such, the record is clear that despite several continuances of her improvement period, petitioner failed to maintain her compliance throughout the proceedings.

Further, while it may be true that petitioner obtained housing and employment, the main issue for which petitioner was adjudicated was her substance abuse. Based upon petitioner's stipulation to neglect caused by her substance abuse, the circuit court specifically instructed that she was required to participate in substance abuse treatment as part of her improvement period. Although the DHHR's various court summaries indicate that petitioner was participating in treatment through a Suboxone clinic during the proceedings, the record also shows that petitioner tested positive for marijuana and methamphetamine and failed to submit for drug screens on other occasions. As this Court has held,

> "[a]t the conclusion of the improvement period, the court shall review the performance of the parents in attempting to attain the goals of the improvement period and shall, in the court's discretion, determine whether the conditions of the improvement period have been satisfied and whether sufficient improvement has been made in the context of all the circumstances of the case to justify the return of the child." Syllabus point 6, *In re Carlita B.*, 185 W.Va. 613, 408 S.E.2d 365 (1991).

Syl. Pt. 3, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). In short, petitioner's assertion that she substantially complied with the improvement period ignores the fact that her substance abuse issues were not remedied sufficiently to justify the return of the children to her care.

Finally, based on the evidence of petitioner's sporadic compliance and, especially, her failure to participate in any services or even remain in contact with the DHHR in the month prior to the dispositional hearing, the circuit court found that petitioner failed to follow through with the DHHR's rehabilitative services. Importantly, this constitutes a situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected in the near future under West Virginia Code § 49-4-604(c)(3). On appeal, petitioner asserts that the circuit court's findings in this regard were "largely vague and conclusive, unsupported by either the testimony presented or the [c]ourt's previous orders regarding the improvement period." We disagree and find that the circuit court's order is specific as to the basis for the termination of

petitioner's parental rights. Moreover, the circuit court's findings are based on substantial evidence, including testimony from a DHHR employee that petitioner was never "fully compliant" in her improvement period and failed to complete any of the services offered. Moreover, the circuit court found that termination of petitioner's parental rights was in the children's best interests. According to West Virginia Code § 49-4-604(b)(6), circuit courts may terminate parental rights upon these findings. Further, we have long held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). The record shows that the circuit court had ample evidence upon which to base these findings, and we decline to disturb them on appeal.

For the foregoing reasons, we find no error in the decision of the circuit court, and its July 15, 2019, order is hereby affirmed.

Affirmed.

**ISSUED**: February 7, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison